IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM DOBBINS, #167085, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-CV-895-MHT |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, William Dobbins ["Dobbins"], a former state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Ventress Correctional Facility ["Ventress"]. Dobbins names J. C. Giles, the warden of Ventress, and Lewis Hulett. a correctional officer assigned to Ventress, as defendants in this cause of action. The allegation central to Dobbins' complaint regards an alleged use of force by Hulett on November 2, 2008. Dobbins seeks monetary damages from the defendants.

The defendants filed a special report and relevant supporting evidentiary material addressing Dobbins' claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to construe this report as a motion for summary judgment. *Order of January 5, 2009 - Court Doc. No. 10*. Thus, this case is now pending on the defendants'

motion for summary judgment. Upon consideration of this motion, the evidentiary material filed in support thereof and the plaintiff's response to the report/motion, the court concludes that: (i) The motion for summary judgment filed by defendant Giles is due to be granted; while (ii) The motion for summary judgment filed by defendant Hulett is due to be granted in part and denied in part.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

demonstrate the absence of a genuine issue [-- now dispute --] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

When the moving parties meet their evidentiary burden, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

3

on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Dobbins is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations"

4

challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not

mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Dobbins has demonstrated a genuine dispute of material fact in order to preclude entry of summary judgment on his excessive force claim against defendant Hulett. Defendant Giles, however, is entitled to summary judgment on the claims lodged against him by Dobbins.

### III.  DISCUSSION

#### A.  Synopsis of Facts

At this stage of the proceedings, the court must "take the facts alleged in the complaint as true and construe them in the light most favorable to [Dobbins]. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)." *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008). In this light, the facts are that on November 2, 2008, officer Sanders conducted a routine shakedown of Dobbins. After completion of this process, defendant Hulett entered Dobbins' living area "and instructed Mr. Dobbins to get out of bed. Mr. Dobbins informed Hulett that he can't [get out of bed due] to the fact he is in a wheelchair, plus has a boil on his butt and [it] hurts to sit down. Hulett then look[ed] in Mr. Dobbins [drawer, retrieved] some pencil lead ... [and] threw that into Mr. Dobbins' face. Saying 'Bitch I don't give a sh-- that you are suing me. Hulett then instructed all other inmates to go around to the bathroom. Hulett then hit Mr. Dobbins in his face with his fist [once] between [the] eyes. Then slap Mr. Dobbins in the face." *Plaintiff's Complaint - Court*

*Doc. No. 1* at 3 (internal quotation added). Dobbins reported the incident to warden Giles but Giles did not respond to the information provided to him in a manner which Dobbins deemed satisfactory.

### B.  Absolute Immunity

With respect to claims lodged against the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear to the court that the defendants are state officials entitled to sovereign immunity under the Eleventh Amendment for all claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, the defendants are entitled to absolute immunity from any claims for monetary relief

presented against them in their official capacities. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Individual Capacity Claims

1. <u>Warden J. C. Giles</u>.  Dobbins complains defendant Giles did not speak to him about the November 2, 2008, incident until November 4, 2008, and, after this discussion, failed to take corrective action against Hulett. *Plaintiff's Complaint - Court Doc. No. 1* at 3.  In response to the complaint, defendant Giles maintains that he "investigated the allegations [made by Dobbins] and [found] they are untrue.  Inmate Dobbins has been trying to get transferred [to a more favorable facility] since he arrived at Ventress....  Inmate Dobbins has a very bad attitude and is hard to deal with in every aspect of his incarceration." *Defendants' Exhibit B (Affidavit of J. C. Giles) - Court Doc. No. 9-2* at 2.

To the extent Dobbins maintains that defendant Giles is liable for the actions of officer Hulett due to his supervisory role as warden, he is entitled to no relief.  A defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, 550 U.S. 956, 127 S.Ct. 2428 (2007) ("Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability. *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)."); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*,

325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (same). "Instead, supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." *Gray*, 458 F.3d at 1308 (citation omitted); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). It is undisputed that warden Giles did not personally participate in the use of force made the basis of the instant complaint. Thus, the court must address Dobbins' claims against this defendant under the second prong. Under this method of liability, "'[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' [*Hartley*, *supra*.] (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)." *Gray*, 458 F.3d at 1308. Furthermore, to sufficiently notify the supervisor, the deprivations must not only be widespread, they also "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671.

Warden Giles was not involved in the alleged application of force about which the plaintiff complains. Dobbins has presented no probative evidence of obvious, flagrant or

rampant abuse of continuing duration in the face of which Giles failed to take corrective action. While Dobbins alludes to one other prior incident of force by Hulett against him, a single incident is insufficient to establish the requisite causal connection with respect to his claims against defendant Giles. Moreover, Dobbins' conclusory and specious allegations regarding uses of force by prison officials against inmates throughout the prison system likewise do not establish the requisite causal connection between actions of defendant Giles and the use of force made the basis of the instant complaint. The court therefore concludes that the motion for summary judgment as to Dobbins' claims against defendant Giles in his individual capacity is due to be granted.

    2. <u>Officer Lewis Hulett</u>. Dobbins asserts that after another officer completed a shakedown of his person on November 2, 2008, defendant Hulett entered his living area and instructed him to get out of bed. Dobbins informed Hulett he could not get out of bed due to his physical limitations and also advised Hulett that he suffered from a boil on his rear end which caused him pain. Hulett subsequently ordered all other inmates to leave the area and then struck Dobbins with his fist once between the eyes and slapped him in the face. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

    Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that prison

11

"officials act[ed] with a sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8 (internal quotations omitted). With respect to the objective component, a plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. However, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "An inmate who is gratuitously [grabbed and choked] by [a prison] guard[] does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, __ U.S. __, 130 S.Ct.1175, 1178-1179 (2010).

Dobbins complains that on November 2, 2008, defendant Hulett used excessive force against him absent provocation and for no reason. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Defendant Hulett denies the allegations made against him. Specifically, Hulett details his encounter with Dobbins as follows:

> On the day in question, I [and several other officers] entered the Health Care Unit Ward to conduct a shakedown. I approached Inmate William Dobbins['] ... bed and ordered him to get out of bed so that I could conduct a shakedown. Inmate Dobbins became very insubordinate. I ordered Inmate Dobbins again to get out of the bed. Inmate Dobbins reported that he could not get out of bed. Inmate Dobbins stated, "Are you that stupid, can't you see that I'm in a wheelchair." I advised Inmate Dobbins that he could get out of his bed and get into his wheelchair. I advised Inmate Dobbins that I have observed him in the past in the wheelchair. I advised Inmate Dobbins that I was not going to argue with him. I advised Inmate Dobbins to just sit up in his bed and I would shake him down. Inmate Dobbins advised me that he had a boil on his butt and that it hurt. I advised Inmate Dobbins to remove the sheet that was covering him. Inmate Dobbins refused. I then instructed

everyone to exit the area. Inmate Dobbins stated, "I told you I have a boil on my ass." I ordered Inmate Dobbins to remove the sheet. I advised Inmate Dobbins that no one but me would see him naked and that his insubordination would not be tolerated. Inmate Dobbins stated, "This is bullsh--. Shake me down." I conducted the shakedown on Inmate Dobbins. Everyone was removed from the area in an attempt to save Inmate Dobbins embarrassment. At no time did I hit Inmate Dobbins.

*Defendants' Exhibit A (Affidavit of Lewis Hulett) - Court Doc. No 9-1* at 2.

The pleadings filed by Dobbins indicate he received, at most, *de minimis* injuries during the November 2, 2008, incident. In light of the opinion issued by the United States Supreme Court in *Wilkins*, the *de minimis* nature of an inmate's injuries is not dispositive of an excessive force claim. *Wilkins*, __ U.S. at __, 130 S.Ct. at 1177 (Dismissal of "a prisoner's excessive force claim based entirely on ... [a] determination that his injuries were '*de minimis*' [is improper] ... [as it] is at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury...."). The nature of the injuries suffered by Dobbins do, however, remain relevant to whether Hulett actually used force as described by Dobbins and whether Hulett acted "'maliciously and sadistically'...." *Id*. at 1180. Additionally, the "relatively modest nature of [Dobbins'] injuries will no doubt limit the damages he may recover." *Id*.

Defendant Hulett argues that he is entitled to qualified immunity on the plaintiff's excessive force claim lodged against him in his individual capacity. However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in

13

violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986); *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008) ("'[T]here is no room for qualified immunity' in Eighth Amendment ... excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful. *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002)."). Thus, a qualified immunity defense is not available when a plaintiff properly pleads the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment. *Skrtich*, 280 F.3d at 1302; *see also Hudson,* 503 U.S. at 9-10 (1992); *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether the plaintiff's allegations that defendant Hulett maliciously and sadistically used excessive force against him, which the court must take as true for purposes of summary judgment, sets forth a violation of her Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the

14

> need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

Dobbins contends that defendant Hulett struck him with his fist and slapped him in the face for no reason. Defendant Hulett adamantly denies Dobbins' allegations regarding the use of force and maintains that at no time during the shakedown did he strike Dobbins. Viewing the facts in the light most favorable to Dobbins, as is required at this stage of the proceedings, the court concludes defendant Hulett is not entitled to qualified immunity, as the plaintiff has alleged facts sufficient to survive this defendant's motion for summary judgment regarding the excessive force claims lodged against him. *Skrtich*, 280 F.3d at 1301. Specifically, disputed issues of material fact exist regarding the use of force and whether Hulett acted "maliciously and sadistically" to cause harm. Consequently, the motion for summary judgment with respect to the excessive force claim presented against defendant Hulett in his individual capacity is due to be denied.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1.  The defendants' motion for summary judgment regarding the plaintiff's claims for monetary damages lodged against them in their official capacities be GRANTED as the defendants are entitled to absolute immunity from these claims.

    2.  The motion for summary judgment filed on behalf of J. C. Giles with respect to the plaintiff's claims against this defendant in the remaining aspects of his official capacity and in all aspects of his individual capacity be GRANTED.

    3.  The motion for summary judgment filed on behalf of Lewis Hulett with respect to the plaintiff's excessive force claim lodged against this defendant in his official capacity for declaratory relief and in all aspects of his individual capacity be DENIED.

    4.  This case be set for a set for a jury trial before the district judge assigned this case on the plaintiff's surviving excessive force claim against Lewis Hulett.

It is further

ORDERED that on or before May 17, 2011, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of May, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE